IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.,
PELVIC REPAIR SYSTEM                                MDL NO. 2327
PRODUCTS LIABILITY LITIGATION

---

THIS DOCUMENT RELATES TO:

*Swint, et al. v. Ethicon, Inc., et al.*                Civil Action No. 2:12-cv-00786

# ORDER

(Re: Motion to Exclude the Case-Specific Opinions of Dr. Vladimir Iakovlev)

Pending before the court is Defendants' Motion to Exclude the Case-Specific Opinions of Dr. Vladimir Iakovlev [ECF No. 66]. The plaintiffs have responded [ECF No. 74], and the defendants have replied [ECF No. 80]. For the following reasons, the defendants' motion is **GRANTED**.

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are over 75,000 cases currently pending, approximately 30,000 of which are in the Ethicon MDL, MDL 2327. As a part of this MDL, I ordered the plaintiffs and defendants to select 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson or allege claims only against the Ethicon defendants' products. Once selected, those cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded or transferred to the appropriate court. The instant case was selected as an Ethicon Wave 1 case that is

governed by discovery deadlines set forth in Pretrial Order ("PTO") # 217.[1] Pursuant to PTO # 217, expert disclosure by the plaintiffs was due by February 1, 2016. PTO # 217 [ECF No. 75]. Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, the plaintiffs were to submit a written report accompanying the expert disclosure. Fed. R. Civ. P. 26(a)(2). On February 1, 2016, the plaintiffs served the expert disclosure in this case designating Dr. Vladimir Iakovlev as a case-specific and general pathology expert. At the time, however, the plaintiffs did not serve an expert report regarding the case-specific pathology opinions of Dr. Iakovlev ("case-specific report"). The parties agreed to extend the deadline for submitting the case-specific report to February 16, 2016. As of the date of this order, however, the plaintiffs have not served her case-specific report.

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that if a party fails to comply with the disclosure requirements of Rule 26(a), the party will not be able to use that witness or information to supply evidence unless the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In *Hoyle v. Freightliner, LLC*, the Fourth Circuit outlined five factors to consider whether a failure to fully comply with Rule 26(a) is substantially justified or harmless:

> (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony.

*Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329 (4th Cir. 2011).

---

[1] PTO # 217 amends PTO # 205, which first set scheduling deadlines for "Wave 1" cases in the Ethicon MDL.

The defendants move to exclude the case-specific report of Dr. Iakovlev on the grounds that, despite an extension, the plaintiffs failed to submit the report in a timely fashion. The defendants note that they still do not have the plaintiffs' case-specific report that was due two months ago. Finally, the defendants argue that each of the *Hoyle* factors points towards excluding the plaintiffs' case-specific report.

In response, the plaintiffs argue that the *Hoyle* factors direct a finding that the failure to provide the case-specific report was harmless. The plaintiffs argue that: (1) the case-specific report is key to their ability to establish a connection between a defect in the mesh and her injuries; (2) Dr. Iakovlev is well known to the defendants and has been a primary pathology expert for plaintiffs' counsel in "Wave 1 cases"; and (3) defendants will neither be surprised nor unfairly prejudiced by Dr. Iakovlev. The plaintiffs then assert numerous other excuses for why the case-specific report has not been submitted to the defendants, including issues with Dr. Iakovlev and Steelgate, Inc., which is a third party repository vendor of mesh material that has been holding pathology materials for certain parties in the Ethicon MDL. Finally, the plaintiffs argue that the report to be submitted is merely "supplemental" and thus permissible to be submitted after the deadline.

In reply, the defendants argue that the case-specific report the plaintiffs submitted is *not* a supplement, evident by the fact the defendants have not received an original report. The defendants also argue that the plaintiffs cannot demonstrate that the failure was substantially justified or harmless given that, as of April 1, 2016, discovery was to be concluded pursuant to PTO # 217. Further, the defendants argue

3

that this situation was caused by the mere fact that plaintiffs' counsel assigned 40 case-specific pathology reports to Dr. Iakovlev without determining whether he alone would be able to develop his reports and submit them to the defendants within the court-ordered deadlines.

    I agree with the defendants and find that the *Hoyle* factors weigh in favor of excluding Dr. Iakovlev's case-specific report. The court has been transparent about the need to comply with deadlines throughout the Ethicon MDL. When handling MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose to ensure efficient pretrial litigation. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *In re Phenylpropanolamine*, 460 F.3d at 1231–32. Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are

the engine that drives disposition on the merits." *Id.* at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

Furthermore, plaintiffs' counsel is responsible for ensuring that they can reasonably conduct discovery in the time allotted by the court. This is one of many cases where the plaintiffs' case has been damaged because plaintiffs' counsel could not get Dr. Iakovlev's required reports submitted to the defendants within either the court's deadline or the extended timeframe upon which the parties had mutually decided. Plaintiffs' counsel never once sought an extension to comply with these deadlines from the court despite knowledge of both the discovery deadlines and Dr. Iakovlev's ability to process the reports in a timely fashion.

Keeping in mind the above, the many upcoming Wave 1 deadlines, and the *Hoyle* factors, I **FIND** that Defendants' Motion to Exclude the Case-Specific Opinions of Dr. Vladimir Iakovlev [ECF No. 66] is **GRANTED**. It is **ORDERED** that all case-specific opinions of Dr. Vladimir Iakovlev are to be **EXCLUDED** from this case.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 21, 2016

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

5